In re John M. WEBSTER, Appellant.

No. 20463.

United States Court of Appeals
Ninth Circuit.

July 13, 1966.

Finton J. Phelan, Jr., Agana, Guam, for appellant.

Harold W. Burnett, Atty. Gen. of Guam, Richard D. Magee, Deputy Atty. Gen., John C. Dierking, Jr., Asst. Atty. Gen., Agana, Guam, for appellee (Committee of Examiners).

Before HAMLEY and JERTBERG, Circuit Judges, and THOMPSON, District Judge.

HAMLEY, Circuit Judge:

This is an appeal from an order entered by the District Court of Guam, striking the name of John M. Webster from the roll of attorneys authorized to practice

law in Guam.[1] Six grounds for reversal are urged, five of which lack sufficient merit to warrant discussion. The one contention which we will discuss is that too many judges participated in the court hearing.

The order of disbarment was entered in disciplinary proceedings which began when the committee referred to in note 1 received a written complaint that Webster, a practicing attorney in Guam, had misappropriated funds belonging to a client. The committee conducted a hearing pursuant to Government Code of Guam, section 28005. Based upon the evidence received and arguments presented at that hearing, the committee found, in effect, that the charges were true. The committee reported its findings to the district court and requested that appropriate action be taken to disbar or suspend Webster from practicing law in Guam.

Responsive to this committee report and recommendation, the district court issued an order requiring Webster to show cause in the district court, on a designated date, why he should not be disciplined. This order recited that the hearing would be conducted in open court " * * * before the Honorable Paul D. Shriver, Judge of the District Court, the Honorable Joaquin C. Perez, Chief Judge of the Island Court, and the Honorable Cristobal C. Duenas, Judge of the Island Court."

On the date set for the court hearing, Webster filed a motion to quash, and a response to the order to show cause. He asserted, among other things, that in the order to show cause, it was erroneously provided that the hearing would be held before the three judges constituting the Appellate Division of the District Court of Guam, whereas the hearing should be held before District Judge Paul D. Shriver.

At the outset of the court hearing, with the three named judges on the bench, Judge Shriver made the following statement:

"This is the first proceeding of this kind that this Court has had. It was determined by the Judicial Council that the proceedings would be as follows: 'That an Order To Show Cause would be issued by the District Court to the respondent setting forth in full the charges against him'; that while the respondent was admitted to the practice of law in Guam by the District Court, that the nature of proceedings of this kind required the attention not only of the Judge of the District Court but of the other Judges who are authorized to sit, by statute, in the District Court and, therefore, the Judge of the District Court invited the Chief Judge of the Island Court and the Associate Judge of the Island Court to sit with him."

Counsel for Webster then reminded the court that he was objecting " * * * to the jurisdiction of the two Judges of the Island Court upon the basis this is a proceeding before the District Court, not the Appellate Division of the District Court, and there is only one Judge of the District Court." The following colloquy then occurred:

"THE COURT: Hadn't I just made it clear that the Judge of the District Court assumes responsibility for any decision arrived at but that the two Judges of the Island Court were being asked to assist him because of the nature of the charges and because the respondent, of course, practices in their courts?

"MR. PHELAN: Yes, but I don't— For the record, I wish to raise it for the record as it is in the response.

"THE COURT: Yes. Well, I hope, if I haven't made it clear, I shall make it clear now that any decision arrived at in this case will certainly be the decision of the Judge of the District Court."

1. The order, which was entered on August 25, 1965, but which has been stayed pending this appeal, also provides that at the expiration of one year Webster may make application to the Committee of Examiners, Judicial Council of Guam, for reinstatement to the bar.

The hearing then proceeded without further reference to this matter until, at the close, Judge Shriver orally announced findings. In connection with these findings, Judge Shriver stated:

"The Judge of the District Court asked the two Judges of the Island Court, who are authorized to sit in the District Court, to assist in evaluating the evidence of this case since it is obviously a matter of the utmost seriousness involving a member of our profession and is the first case of this kind that has been presented in Guam."

The formal findings of fact, conclusions of law and order thereafter entered by Judge Shriver recited that he " * * had requested the assistance of the Honorable Joaquin C. Perez, Chief Judge of the Island Court, and the Honorable Cristobal C. Duenas, Judge of the Island Court."

The Appellate Division of the District Court of Guam, created pursuant to the Act of August 27, 1954, 68 Stat. 882, as amended, 48 U.S.C. § 1424(a) (1964) has no jurisdiction except to hear appeals from the Island Court of Guam to the District Court of Guam. Under Title XXIX, Government Code of Guam, section 28005, the disbarment or suspension of attorneys practicing law in Guam is vested exclusively in the District Court of Guam, consisting of a single judge.

The proceedings which occurred at the court hearing indicate that the district judge understood this, and that he did not intend that the three judges then on the bench constitute the Appellate Division. He also made it clear that he " * * * assumed responsibility for any decision arrived at. * * * "

Nevertheless two judges of the Island Court of Guam, neither of whom was attached to the personal staff of the district judge, were on the bench with the district judge, and at his request. They were not there merely as observers, or out of courtesy, but to assist the district judge, including the evaluation of evidence. Whether they actually did render any assistance to the district judge can-

not be determined from this record; we must therefore assume that they did.

There is no applicable statute, regulation or rule of court which contemplates such a procedure. Moreover, Webster did not agree to, or acquiesce in the procedure, but made timely and vigorous objection thereto.

In our opinion, Webster was entitled to have the factual issues involved in these proceedings adjudicated, and the form of order to be entered determined, by the district judge without the assistance of persons not connected with his personal staff.

Reversed and remanded for further proceedings consistent with this opinion.