**AMERICAN PIPE AND CONSTRUCTION CO., Petitioner,**

v.

**Honorable Martin PENCE, Chief United States District Judge, District of Hawaii, Respondent,**

and

**The State of California et al., Real Parties in Interest.**

**Nos. 22541 A–G, 22574, 22575, 22576 A–L, 22577, 22578 A–C.**

United States Court of Appeals
Ninth Circuit.

April 15, 1968.

See also, D.C., 280 F.Supp. 802.

J. O. Sullivan (argued), George W. Jansen, Wayne M. Pitluck, San Diego, Cal., Paul B. Wells, of Procopio, Cory, Hargreaves & Savitch, San Diego, Cal., for petitioner.

Charles S. Burdell (argued), Wm. H. Ferguson, Donald McL. Davidson, T. J. Grennan, C. David Sheppard, William E. Kuhn, Ferguson & Burdell, Seattle,

Wash., Knapp, Gill, Hibbert & Stevens, Los Angeles, Cal., Kase Higa, County Atty., County of Maui, Wailuku, Hawaii, Donald Paul Hodel, Portland, Or., Thomas M. Jenkins, San Francisco, Cal., Keating & Sterling, Harold W. Kennedy, County Counsel, Los Angeles, Cal., Broad Busterud & Khourie, San Francisco, Cal., Adrian Kuyper, County Counsel, Santa Ana, Cal., Stanley Ling, Corporation Counsel, City & County of Honolulu, Honolulu, Hawaii, Thomas Lynch, Atty. Gen., San Francisco, Cal., Stearns, Gross & Moore, Whittier, Cal., John J. O'Connell, Atty. Gen., Seattle, Wash., Thomas O'Conner, City Atty., San Francisco, Cal., Leonard Putnam, City Atty., Long Beach, Long Beach, Cal., Houghton, Cluck, Coughlin, Schubat & Riley, Seattle, Wash., Rivers & Rodgers, Portland, Or., Linley, Duffy, Shifflet & McDougal, El Cajon, Cal., Jack T. Swafford, Burris & Lagerlof, Los Angeles, Cal., Barbara J. Svedberg, Attorney, Dept. of Justice, San Francisco, Cal., Robert J. Timlin, City Atty., Corona, Cal., Higgs, Jennings, Fletcher & Mack, San Diego, Cal., Morgan W. Lowery, Pomona, Cal., Price, Postel & Parma, Stanley Tomlinson, City Atty., Santa Barbara, Cal., Donald A. Way, City Atty., Salinas, Cal., Roger Arnebergh, City Atty., Los Angeles, Cal., John S. Bishop, Jr., San Jose, Cal., for real parties in interest.

Josef D. Cooper, Honolulu, Hawaii, for Pence.

Before HAMLEY, MERRILL and KOELSCH, Circuit Judges.

HAMLEY, Circuit Judge:

American Pipe and Construction Co. (American), petitioner in this proceeding in the nature of mandamus, is the sole remaining defendant in twenty-seven antitrust treble damage actions pending in five United States District Courts in California, Oregon and Washington. The actions were filed in late 1964 and early 1965 and, with subsequent interventions, now involve approximately three hundred plaintiffs who are the real parties in interest in this mandamus proceeding. Five additional defendants were named in the complaints, but all of them settled out of court. The complaints allege a single conspiracy to allocate and divide orders and territories and engage in collusive and rigged bidding for the sale of concrete and steel pipe, in violation of section 1 of the Sherman Act, 26 Stat. 209 (1890), as amended, 15 U.S.C. § 1 (1964).

Shortly after the commencement of these actions the Chief Judge of the United States Court of Appeals for the Ninth Judicial Circuit designated and assigned The Honorable Martin Pence, United States District Judge for the District of Hawaii, to hold a district court in each of the five districts, namely: Northern District of California, Central District of California, Southern District of California, District of Oregon and Western District of Washington. We are informed that the Chief Judge of each of these districts, or the district judge of such districts then having one or more of these cases under assignment, thereafter assigned, or transferred the assignment of, all twenty-seven cases to Judge Pence "for all further proceedings."

Beginning in March, 1965, Judge Pence supervised extensive pretrial proceedings and entered a number of pretrial orders, including Pretrial Order No. 15 which is involved in this proceeding. Identical pretrial orders have applied to all actions, and the parties have generally performed the ordered acts on a common, joint or cooperative basis. However, no order has been entered in the district courts consolidating the actions for any purpose.

On October 11, 1967, Judge Pence entered Pretrial Order No. 12 which American construed as providing, among other things, for three or more simultaneous trials before three district judges. On October 30, 1967, American filed in this court a motion for leave to file a petition for a writ in the nature of mandamus to review this provision of the October 12, 1967 order. The motion was denied by this court on December 1, 1967, and a

motion for reconsideration was denied on January 9, 1968.

In the meantime, on November 27, 1967 Judge Pence entered Pretrial Order No. 14, paragraph S of which American construed as providing, among other things, for three or more simultaneous trials before three district judges. On December 26, 1967, American appealed from the Pretrial Order No. 14 which was filed in each of the twenty-seven cases. In proceedings had before Judge Pence on January 12, 1968, the district court decided that the appeals were a nullity and that, consequently, the district court retained jurisdiction to enter further orders.

On January 26, 1968, American filed a motion in this court for a stay of further district court proceedings pending disposition of the appeals. At the same time American moved for consolidation of the appeals. The appeals were consolidated, a temporary stay was entered by this court on January 29, 1968, and a hearing

was set for February 5, 1968. Defendants, real parties in interest in this mandamus proceeding, then moved to dismiss the appeals.

On February 5, 1968, following a hearing on American's motions for a stay and defendants' motion to dismiss the appeals, this court entered an order: (1) vacating the order for a temporary stay, (2) providing that the proceeding shall be considered in the nature of mandamus, (3) staying the trials in the twenty-seven cases pending disposition of the mandamus proceeding, but providing that all other proceedings in the district courts may continue, (4) specifying an accelerated schedule for briefing in the mandamus proceeding, the final brief to be filed on March 4, 1968, and (5) passing to the merits, defendants' motion to dismiss the appeals.

On February 15, 1968, American filed its opening brief in this court, in which American challenged paragraph S of Pretrial Order No. 14,[1] on the following

---

1. Paragraph S of Pretrial Order No. 14, reads as follows:

"S. A pre-trial conference is set for February 21, 1968, at 9:30 a. m. in San Francisco, at which time trial judges Martin Pence (D.Hawaii); George Boldt (W.D.Wash.); Alfonzo [sic] Zirpoli (N.D.Calif.) and/or such other judges as may be designated, will preside. At such time the trial judges will (a) select not less than three cases for separate trial in any district or districts as may be required; (b) select the districts in which such trials will be held; (c) select the judge to preside in each district, and (d) determine whether other cases pending in any such district should be consolidated for trial. At such conference, a final pre-trial order shall be formulated which sets each designated case or cases for trial to commence at such time as the presiding judge shall determine, but in no event later than March 18, 1968. Among other things, the following matters will be considered:

"(1) The voir dire examination;
"(2) The form of a summary to be read to the jury to explain the contentions of the parties and the issues;
"(3) The number of jury challenges permitted, the number of alternate ju-

rors to be impaneled, and the necessity that a verdict be returned by a jury of twelve;
"(4) Jury instructions and special interrogatories;
"(5) Counsel's opening statements;
"(6) The days and hours of the week during which Court will be conducted;
"(7) Designation of a spokesman if either plaintiffs or defendants have multiple counsel;
"(8) Daily trial transcripts;
"(9) A current index of the trial record;
"(10) The handling of documentary evidence at trial;
"(11) The scope of testimony of witnesses to be called at trial and possible limitations with respect thereto;
"(12) The use of depositions, including the possible use of narrative summaries or verbatim extracts;
"(13) The parties' report on their attempts to stipulate as to facts;
"(14) Further pre-trial proceedings;
"(15) Rulings on objections to designated deposition testimony and documentary evidence, where possible;
"(16) Possibility of settlement."

grounds: (1) it unreasonably requires substantially simultaneous trials of three or more cases in three of the five districts,[2] and (2) it directs the unauthorized impanelling, by Judge Pence, of a special multi-judge court with purported authority to make rulings by joint action of the three judges, which will affect the outcome of many trials.

Thereafter, on February 23, 1968, Judge Pence entered Pretrial Order No. 15, paragraph 26 of which covers the same subject-matter of, and supersedes paragraph S of Pretrial Order No. 14.[3] In their answering brief thereafter filed, the plaintiffs in the antitrust suits accordingly undertook to defend, not paragraph S of Pretrial Order No. 14, but paragraph 26 of Pretrial Order No. 15. Since then all of the parties have agreed that the proceeding before us should be regarded as bringing into question paragraph 26 of Pretrial Order No. 15 rather than paragraph S of superseded Pretrial Order No. 14.

On March 1, 1968, Judge Pence moved in this court for leave to file a brief, as amicus curiae, which brief was tendered with the motion. On March 12, 1968, this court entered an order redesignating the parties as they would be designated in a mandamus proceeding. Judge Pence was designated respondent, appellant American was redesignated petitioner, and appellee defendants were redesignated real parties in interest. The brief tendered by Judge Pence was, under this order, received as respondent's return in the mandamus proceeding and American was given until March 20, 1968 to file an answer to such return. The mandamus proceeding was argued before this court on April 10, 1968.

As stated above, one of American's objections to paragraph S of Pretrial Order No. 14 was that, as construed by American, it purported to set up a special three-judge court convened by Judge Pence, which special court would hold a pretrial conference on a specified date with all three judges presiding, and at which pretrial conference the three judges would act together in making rulings and entering orders which would be binding in all twenty-seven cases.

The paragraph in question of Pretrial Order No. 14 is clearly subject to such a construction. However we need not pass upon the legality of such a course of action, inasmuch as it was abandoned in superseding paragraph 26 of Pretrial Order No. 15. In the latter paragraph (see note 3), it is made clear that Judge Pence would preside at the pretrial conference, then scheduled for June 5, 1968, and would make all rulings therein and orders resulting therefrom. The two other district judges, instead of being designated as presiding judges were to be

---

2. In the Western District of Washington, some of the cases are pending in the Northern Division and some in the Southern Division.

3. Paragraph 26 of Pretrial Order No. 15, omitting subparagraphs (A) through (P), which are identical with subparagraphs (1) through (16) of paragraph S of Pretrial Order No. 14, reads as follows:

"26. A pre-trial conference is set for June 5, 1968, at 9:30 A.M. in San Francisco, California, before Judge Martin Pence (D.Hawaii), with Judges George Boldt (W.D.Wash.), Alfonzo [sic] Zirpoli (N.D.Calif.), and/or such other judges as may be designated, present. At such time, after hearing, and after consultation with the other judges, Judge Pence will (a) select not less than three cases for separate trial; (b) select the districts in which such trials will be held; (c) determine the judge to preside in each such district; (d) determine whether other cases pending in any such district should be consolidated for trial; (e) formulate a final pretrial order for each trial case, setting such cases for trial at such times as will permit the orderly processing of three overlapping trials, with the first trial to commence before Judge Pence in either the Southern or Central District of California no later than June 24, 1968, and with each succeeding trial to commence thereafter at intervals of not less than two weeks each; and (f) take such action as is necessary for transfer or assignment of the designated cases to such judges. Among other things, the following matters will be considered. * * * *"

"present" so that Judge Pence could consult with them.

■ We do not understand that American objects to the latter arrangement and, in any event, it is legally unobjectionable. Circumstances can be stated by reason of which an order must be set aside because there were too many judges on the bench. See In re Webster, 9 Cir., 363 F.2d 837. But this is not such a case.

In the pretrial conference scheduled for June 5, 1968, Judge Pence will not be called upon to make any determination of fact or law bearing upon the merits of the antitrust suits. The indications are that the other two district judges are to be assigned to try two or more of these cases. It was therefore appropriate that they be present at the scheduled pretrial conference to familiarize themselves with the procedural aspects of the case and to confer with Judge Pence in the formulation of trial and pretrial procedures which Judge Pence would prescribe for all the cases.

In the previous hearing before this court there was some argument to the effect that Judge Pence might not follow a legally permissible course in arranging for the transfer of some of the cases to other district judges. However, there is no reason at this time to assume that any transfer of assignments by Judge Pence to another district judge will not accord with the rules and orders of the respective district courts. See 28 U.S.C. § 137.

This brings us to American's principal objection to paragraph S of Pretrial Order No. 14, now superseded by paragraph 26 of Pretrial Order No. 15. This objection is that the paragraph in question requires simultaneous or substantially overlapping trials of three or more of these actions in three districts. American argues that this will confront American with difficulties and burdens of such magnitude as to assure, in advance, that American will not have fair trials.

Paragraph 26 of Pretrial Order No. 26 expressly contemplates the trial of three or more of the twenty-seven cases in three overlapping trials in three districts.

The extent of the overlapping is left for final determination at the June 5, 1968 pretrial conference. Paragraph 26 further provides that the first trial will commence no later than June 24, 1968, and that the succeeding trials will commence thereafter "at intervals of not less than two weeks."

Some of the parties have estimated that each trial, whether of a single case or of consolidated cases, will require not less than sixty days. This means that if the first three trials do not exceed sixty days each, and if the maximum amount of overlapping contemplated by paragraph 26 is ultimately sanctioned, the first and second trials will be in progress simultaneously for two weeks, then all three trials will be in progress simultaneously for four weeks, after which the second and third trials will be in progress simultaneously for two weeks. To the extent that the trials exceed sixty days in length the overlapping of trials would be augmented.

■ On the other hand, as paragraph 26 now reads, the amount of overlapping, as finally prescribed as a result of the June 5, 1968 pretrial conference, may turn out to be much less. Under paragraph 26 the succeeding trials are to commence at intervals of "not less than" two weeks. But, upon further consideration, Judge Pence, in consultation with the other district judges, might well determine to restrict such overlapping to a very few days, or to eliminate it entirely and perhaps even provide an interval between trials. Moreover, if the further order to be entered on June 5, 1968 provides for substantially overlapping trials, such a provision will not be binding upon Judge Pence or any other district judge to whom Judge Pence may transfer some of the cases, since every federal trial judge always retains control of his calendar. Thus an initial requirement for overlapping trials will be subject to reconsideration by the individual judges up to the dates of trial.

Nor is there any basis for this court to determine now, or at any time prior to completion of the trials, that any over-

lapping of trials which may be ordered will be unreasonable to the extent of constituting an abuse of discretion; or that any such overlapping will in fact result in substantial prejudice to the point of rendering the trials unfair; or that a trial judge, confronted during trial with circumstances indicating a reasonable probability of prejudice by reason of overlapping trials will not adequately meet the problem through the granting of continuances, or otherwise.

In addition, should an unreasonable and potentially prejudicial amount of overlapping take place, American may nevertheless prevail at the trials, in which event it will not be aggrieved by any actual overlapping. And should American not prevail, it may appeal to this court, at which time the question of unreasonable and prejudicial overlapping will be subject to review on the basis of actual trial events. On the other hand, were we to undertake such inquiry at this time it would have to be on the basis of the present widely varying predictions as to what may happen at the trials, and on the basis of our present necessarily incomplete information and understanding concerning the complex pretrial problems with which Judge Pence and his colleagues have been assiduously struggling for a long time.

These considerations lead us to conclude that although paragraph 26 of Pretrial Order No. 15 clearly contemplates overlapping trials to some extent, this is not a matter with which this court can properly concern itself prior to the appeals, if any, which may be taken from final judgments entered in these antitrust actions.

Accordingly, the application for a writ in the nature of mandamus, to forbid the calendaring of substantially overlapping trials in these antitrust suits, or to provide the district court with guidelines to be followed in calendaring the cases for trial, is denied. The stay order herein is vacated. The motion to dismiss the appeals is denied as moot.