The PEOPLE OF the TERRITORY OF GUAM, Plaintiff-Appellee,

v.

Edmund J. OLSEN, Defendant-Appellant.

No. 76–1557.

United States Court of Appeals, Ninth Circuit.

Aug. 10, 1976.

Certiorari Granted Nov. 15, 1976.

See 97 S.Ct. 380.

Howard G. Trapp of Trapp, Gayle, Teker, Hammer & Lacy, Agana, Guam, for defendant-appellant.

Nancy Nye, Asst. Atty. Gen., Agana, Guam, for plaintiff-appellee.

### OPINION

Before BROWNING, DUNIWAY, ELY, HUFSTEDLER, WRIGHT, TRASK, CHOY, GOODWIN, WALLACE, SNEED and KENNEDY, Circuit Judges.

PER CURIAM:

In *Agana Bay Development Co. v. Supreme Court of Guam,* 529 F.2d 952 (9th Cir. 1976), a divided panel of this court held that the Organic Act of Guam, 64 Stat. 384 (1950), authorized the territory to enact its Court Reorganization Act, by which it transferred the appellate jurisdiction of the district court to the newly created Supreme Court of Guam. The record in that case shows that it was settled after our opinion issued; no petition for certiorari was filed with the Supreme Court of the United States.

Appellant in the present case was convicted of criminal charges in the Superior Court of Guam. He appealed to the United States District Court for the Territory of Guam, and that court dismissed the appeal on the authority of *Agana Bay.* Appellant then petitioned for a writ of certiorari to the Supreme Court of the United States before the case was heard in our court; the petition was denied. We ordered the case submitted to the court en banc so that the question presented in *Agana Bay* could be resolved by the full court.

■ We now hold that the provisions of Guam's Court Reorganization Act transferring the appellate jurisdiction of the district court to a territorial court are not authorized by the Organic Act. We therefore overrule the panel's opinion in *Agana Bay Development Co. v. Supreme Court of Guam.* In so holding we adopt the analysis of the dissenting opinion in *Agana Bay.* We find particularly applicable to this case that portion of the *Agana Bay* dissent which points out that litigation in the territorial court may involve substantial federal questions which cannot be reviewed by the United States Supreme Court or by any other article III court under existing statutes. *See* 529 F.2d at 960–61, n.3.

■ We recognize that Guam's Court Reorganization Act was drawn to give expression to a strong desire by the territorial legislature for a greater degree of autonomy and self-government for Guam, and our ruling should not be construed as critical of that objective. We hold only that the appellate jurisdiction of the district court may not be transferred without congressional authorization and pursuant to such provisions and safeguards as Congress may provide.

■ The ruling of the district court declining appellate review in this case is reversed and the cause is remanded.

GOODWIN, Circuit Judge, with whom Judges DUNIWAY, TRASK and WALLACE join, dissenting:

I dissent, for the reasons set out by Judge Carter in *Agana Bay Development Co. v. Supreme Court of Guam,* 529 F.2d 952 (9th Cir. 1976).

### MEMORANDUM OF CIRCUIT JUDGE CHAMBERS:

On June 9, 1976, I participated in the vote of the active judges of the court to take this case en banc.

On June 13, 1976, I received notice that the Chief Justice of the United States was appointing me as chairman of a newly created committee of the Judicial Conference of the United States on the Pacific Territories.

On July 8, the Chief Justice completed the committee by adding thereto our Circuit Judges Ely and Choy and Judge Paul D. Shriver (retired United States district judge for the Territory of Guam) of Denver, Colorado, and Charles H. Habernigg (former Attorney General of American Samoa), of Portland, Oregon.

In the interim between my appointment and the appointment of Judges Ely and Choy to the committee, the latter two had cast their votes for the view expressed by Judge Kennedy. Judge Ely voted on June 24 and Judge Choy on June 28. I did not vote because it seemed that I should not wear a judicial hat and a semi-legislative or policy hat at the same time, although I do not consider myself disqualified.

On the other hand, it seems proper that the votes of Judges Ely and Choy should be counted because their official positions on the committee were created after they had voted.