**Estefania Reyes SABLAN, Nicolas Blas Reyes, Juliana Reyes Lizama, Francisco Blas Reyes, Rosa Reyes Agulto, Plaintiffs-Appellees,**

v.

**Rita Reyes SANTOS, Defendant-Appellant.**

**C.A. No. 79–4057.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 19, 1980.

Decided Sept. 4, 1980.

As Modified on Denial of Rehearing Sept. 29, 1980.

William M. Fitzgerald, Saipan, Northern Mariana Islands, argued for defendant-appellant; Douglas F. Cushnie, Saipan, Northern Mariana Islands, on brief.

Michael A. White, Saipan, Northern Mariana Islands, for plaintiffs-appellees.

Before MERRILL, DUNIWAY and TANG, Circuit Judges.

MERRILL, Circuit Judge:

Appellant Rita Reyes Santos appeals from the judgment of the District Court for the Northern Mariana Islands awarding appellees a two-thirds interest in all payments made pursuant to an award of the Micronesian Claims Commission (the Commission). The question presented is whether this court or the three-judge appellate division of the District Court for the Northern Mariana Islands has jurisdiction over an appeal from a decision of the district court rendered with respect to a question of local, rather than federal, law. We hold that this court is without jurisdiction to entertain such an appeal.

The Micronesian Claims Act of 1971 (the Act), 50 U.S.C.App. § 2018 *et seq.* (repealed 1976), created a fund to compensate Micronesians for losses incurred during World War II, and established the Commission to administer the fund. The present case involves part of an award made by the Commission and a family dispute as to who should share in the award.

In addition to the jurisdiction conferred by federal law upon district courts (which would include review of Commission action), the district court is given original jurisdiction over all civil matters arising under local law which are not committed to the jurisdiction of the commonwealth courts of the Northern Mariana Islands. Covenant to Establish A Commonwealth of the Northern Mariana Islands in Political Union with the United States of America (the Covenant), Article IV, § 402(b), 48 U.S.C. § 1694a(b). The Commonwealth Trial Court has jurisdiction in all civil actions involving land and in all other civil actions where the amount in controversy does not exceed $5,000. Constitution of the Northern Mariana Islands, Article IV, § 2; Commonwealth Trial Court Act of 1978, Ch. 1, § 1.

Appellate jurisdiction in certain cases has also been conferred on the District Court for the Northern Mariana Islands. The Covenant, Article IV, § 402(c), provides that the district court "shall have such appellate jurisdiction as the Constitution or laws of the Northern Mariana Islands may provide" and that such appeals shall be heard by an appellate division of the court consisting of three judges. *See* 48 U.S.C. § 1694b. The Commonwealth Trial Court Act of 1978, Northern Mariana Islands Public Law 1–5, Title II, Chapter 3, Section 1, effectuates this grant of authority:

"The United States District Court for the Northern Mariana Islands shall have jurisdiction of all appeals from final judgments, final orders, and final decrees in criminal cases and in civil cases and proceedings."

The Analysis of the Constitution of the Commonwealth of the Northern Mariana Islands (1976), adopted by the Constitutional Convention, states:

"It is intended that the district court have jurisdiction over all appeals in Commonwealth cases for at least five years, regardless of whether those cases were

tried by the Commonwealth trial court or by the federal district court."

*Id.* at 107.[1]

■ We conclude that appeals from district court decisions in local law matters should be taken to the three-judge appellate division of the district court rather than to this court.

It is conceded by both sides that this case does not require review of the Commission's action in awarding compensation under the Act but only a determination of who, as between the disputing parties, is entitled to the award made—a question that was not before the Commission. It is conceded that only a question of local law is involved and that the action was brought pursuant to the local law jurisdiction of the district court.

Appellant argues, however, that 48 U.S.C. § 1694c(b) gives this court jurisdiction over all appeals from the district court. § 1694c(b) provides:

"Those portions of Title 28 which apply to * * * the District Court of Guam shall be applicable to * * * the District Court for the Northern Mariana Islands * * * except as otherwise provided in article IV of the covenant."

Because appeals from all final decisions of the District Court of Guam lie within the jurisdiction of this court, 28 U.S.C. §§ 1291, 1294, appellant contends that the instant appeal is properly before this court.

However, the application of Title 28 is expressly made subject to the provisions of article IV of the Covenant, which provides that the district court shall have such appellate jurisdiction as the Constitution and laws of the Northern Marianas provide.

■ *Guam v. Olsen*, 431 U.S. 195, 97 S.Ct. 1774, 52 L.Ed.2d 250 (1977), aff'g, 540 F.2d 1011 (9th Cir. 1976), is inapposite. There, the Guam legislature attempted to divest the district court of jurisdiction to hear appeals from local Guam courts and to transfer appellate jurisdiction to the Guam Supreme Court. The United States Supreme Court held that the Organic Act of Guam did not empower the legislature to do this, particularly where the result was that some federal question decisions of the local courts would not be appealable to an Article III court. It is true that neither the district court nor the district court appellate division is an Article III court. *The Coquitlam v. United States*, 163 U.S. 346, 351, 16 S.Ct. 1117, 41 L.Ed. 184 (1896); *American Ins. Co. v. Canter*, 1 Pet. 511, 7 L.Ed. 242 (1828). This court, however, is an Article III court, and any final decision rendered by the district court appellate division will be appealable to this court.[2] The governing considerations of *Olsen*, therefore, are not present in this case.

■ We conclude that this court is without jurisdiction to entertain this appeal from a local law decision of the District Court for the Northern Mariana Islands.

The appeal is dismissed.

■■■

1. This is also the view of two commentators who served as consultants to the Constitutional Convention:

"[The federal district court] will have the authority to decide all appeals not only from decisions of the commonwealth trial court but also from judgments in local cases rendered by a district judge."

Willens & Siemer, *The Constitution of the Northern Mariana Islands: Constitutional Principles and Innovation in a Pacific Setting*, 65 Geo.L.J. 1373, 1444 (1977).

2. The district court appellate division is part of the District Court of the Northern Marianas.

48 U.S.C. § 1694b. 48 U.S.C. § 1694c(b) provides that "[t]hose portions of Title 28 which apply to Guam or the District Court of Guam shall be applicable to the Northern Mariana Islands or the District Court for the Northern Mariana Islands, respectively, except as otherwise provided in article IV of the covenant." 28 U.S.C. § 1291 provides that final decisions of the District Court of Guam shall be appealable to the court of appeals. Nothing in article IV of the Covenant alters this rule. Thus, appellate division decisions are appealable to the court of appeals.