TOWN OF NORTH BONNEVILLE, WASHINGTON, Petitioner,

v.

UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON, Respondent,

The United States of America, Real Party.

No. 83–7416.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 1983.

Decided May 7, 1984.

James J. Mason, Tacoma, Wash., for petitioner.

Fred R. Disheroon, Land & Nat. Resources Dept., Washington, D.C., for respondent.

Before ANDERSON and FLETCHER, Circuit Judges, and EAST,* Senior District Judge.

EAST, Senior District Judge:

The petitioner (Town) seeks a writ of mandamus directing the District Court to recover jurisdiction of four related causes which the District Court has ordered transferred to the U.S. Claims Court (formerly the U.S. Court of Claims) pursuant to the provisions of 28 U.S.C. § 1631 (1982).[1]

## JURISDICTION

We note jurisdiction to consider the petition for a writ of mandamus pursuant to the All Writs Act, 28 U.S.C. § 1651(a) (1982),[2] as explained by the deci-

---

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

1. Although the District Court stated that it transferred the cases under the authority of 28 U.S.C. § 1406(c), it apparently intended to transfer under the new transfer statute but inadvertently cited the old statute. Section 1406(c) was repealed by the Federal Courts Improvement Act of 1982, Pub.L. No. 987–164, § 132, 96 Stat. 39, in which Congress added 28 U.S.C. § 1631, granting even broader transfer powers. Section 1631 provides:

Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

2. Section 1651(a) does not enlarge the appellate court's jurisdiction beyond that which it traditionally holds for purposes of appeal. In short, the authority to issue the writ must be exercised within the boundaries of this court's general appellate jurisdiction. 9 J. Moore & B. Ward,

sion in *Will v. United States*, 389 U.S. 90, 95, 88 S.Ct. 269, 273, 19 L.Ed.2d 305 (1967), and grant the petition.

## ISSUE

Whether the extraordinary remedy of mandamus is a permissible method to review the District Court order transferring the four causes to the Claims Court.

## PENDING APPEALS

The Town timely filed a notice of appeal from the adverse effect of the transfer order in each of the four transferred causes, and those appeals are now pending in this court. Since the issues in each of the appeals and in these proceedings for mandamus are identical, we stayed all future proceedings in each of the appeals. The purpose of the stay is to minimize expense to the parties and to avoid the duplication of work and time expended by this court. Since this cause has been fully briefed and argued by all counsel, the disposition of the issues herein will fix the future course of the appeals.

## BACKGROUND

In the mid-1960's, the Administrator of the Bonneville Power Administration requested the Army Corps of Engineers (Corps) to construct another powerhouse at the Bonneville Dam on the Columbia River to provide additional electricity generating capacity. An area north of the dam was the site chosen for the new powerhouse. This site was also the location of the Town. During 1974–1975, the Town and the Corps executed a series of "relocation contracts," setting forth the responsibilities of each and the procedures to be followed in carrying out relocation of the town to make way for the new powerhouse.

Pursuant to these contracts, the Government acquired certain lands in the Town and then began relocation of the Town to a new area approximately two miles from the new powerhouse site. Disputes subse-

quently arose between the Town and Corps over the meaning and validity of, and alleged defaults under, the relocation contracts. The four causes at issue emanated from these disputes.

Pursuant to an order entered April 25, 1983, the District Court transferred the four pending causes to the U.S. Claims Court for ultimate disposition.

## THE TRANSFERRED CAUSES

A full understanding of the subject matter and the nature of each of the four transferred causes is the opening key to our ultimate disposition of this matter.

### 1. *District Court Cause No. C76–204T*

This cause was filed on October 13, 1976 by the Town against the Government seeking, in short, a type of specific performance by the Government of the relocation contracts and injunctive relief from alleged acts and conduct not in conformity with the relocation contracts and, finally, money damages. During pretrial, the Government moved to dismiss this suit and the District Court granted the motion in part and denied it in part by, *inter alia*, dismissing the Town's claim for a judgment against the Government for money damages on the grounds that the claims were outside the District court's subject matter jurisdiction. 28 U.S.C. § 1346(a)(2) (Supp. 1983).

In view of our ultimate disposition, we do not now reach the validity of that order of dismissal. In any event, the cause must be returned to the District Court for further consideration.

### 2. *District Court Cause No. C77–56T*

This cause was filed during early 1977 by the Government seeking, in short, a declaratory judgment that the collection of certain business occupation taxes by the Town was illegal and that various other alleged misconduct of the Town was in violation of the relocation contracts. Later certain

*Moore's Federal Practice,* ¶ 110.28 at 315 (2d ed. 1983). Although a transfer order is not typically within the court's appellate jurisdiction, a writ is properly issued within the boundaries of this jurisdiction when "exceptional circumstanc-

es amounting to a judicial 'usurpation of power'" are present in the action being reviewed. *Will v. United States*, 389 U.S. 90, 95, 88 S.Ct. 269, 273, 19 L.Ed.2d 305 (1967).

questions were certified to the Supreme Court of the State of Washington with a ruling favorable to the Town. At the time of transfer to the U.S. Claims Court, the cause was again at issue on the merits in the federal court.

3. *District Court Cause No. C77–179T*

■ This cause was filed during September, 1977 by the Government seeking condemnation of lands allegedly necessary for the Corps' construction project. There are conflicting claims made by the parties to the effect that the relocation contracts contain provisions for the payment of agreed purchase prices for the lands involved. The Government may, of course, seek condemnation of the lands and nevertheless be bound by an agreement as to the amount of just compensation. In short, allegations that a contract fixes the price of the land taken does not alter the nature of the action as one in condemnation.

4. *District Court Cause No. C82–11T*

This cause is another condemnation case filed by the Government during January of 1982 seeking title to lands allegedly necessary in the Corps' construction project.

DISCUSSION

■ The repeated admonition of the U.S. Supreme Court is that "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. United States District Court*, 426 U.S. 394, 402, 96 S.Ct. 2119, 2123, 48 L.Ed.2d 725 (1976). It is apparent that a simple showing of error will not suffice. *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 665 n. 7, 98 S.Ct. 2552, 2559 n. 7, 57 L.Ed.2d 504 (1978). Rather, the "traditional use of the writ in aid of appellate jurisdiction [28 U.S.C. § 1651] both at common law and in the federal courts has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche v. Evaporated Milk Ass'n,*

319 U.S. 21, 26, 63 S.Ct. 938, 941, 87 L.Ed. 1185 (1943).

The District Court's error is in assuming that jurisdiction in each of the four related causes is properly in the Claims Court by reason of the Tucker Act.[3]

The District Court's obligation is first to examine its own jurisdiction. Section 1631 provides that a case may be transferred only if "there is a want of jurisdiction" in the court in which the action is filed.

■ If the District Court determines that it lacks jurisdiction, it must transfer the case if "it is in the interest of justice." 28 U.S.C. § 1631. Transfer, however, can be made only to a "court in which the action ... could have been brought ...." *See McKeel v. Islamic Republic of Iran,* 722 F.2d 582, 591 (9th Cir.1983) (we determined first that the District Court lacked jurisdiction, but declined to transfer because the Claims Court probably lacked jurisdiction over the case and the transfer was not necessary to advance the interests of justice since the statute of limitations had not yet run). The District Court here should have gone through the same analysis in these cases.

■ Cases Nos. C77–179T and C82–11T are condemnation actions brought by the United States. The District Court has original jurisdiction of all proceedings in condemnation brought by the United States. 28 U.S.C. § 1358 (1982). Thus, our inquiry stops here. Section 1631 does not permit transfer.

■ Case No. C77–56T is a suit for declaratory relief brought by the United States against the Town. The United States concedes that the District Court has original jurisdiction over this case. *See* 28 U.S.C. § 1345 (1982). Transfer was therefore improper in this case as well.

Whether the first case (No. C76–204T) was properly transferred presents a more

---

**3.** The Tucker Act, 28 U.S.C. § 1491 is a waiver of sovereign immunity and grants exclusive jurisdiction to the Claims Court to decide claims "against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States ...."

difficult question. The District Court dismissed some of the claims before entering the transfer order. Although the order is ambiguous, it appears to us that the court dismissed some claims as barred by *White v. Administrator of General Services Administration,* 343 F.2d 444, 445–46 (9th Cir.1965), because they sought specific performance of a contract against the Government. Other claims for money damages were dismissed because they were over $10,000 and beyond the jurisdiction of the District Court.

The relief sought by petitioners from this court is also less than clear. Petitioners state: "The relief sought is an order directing the District Court to entertain these [enumerated equitable claims] and any other issues presented in such cases and within its jurisdiction, and to rule upon them according to the usual form and practice of the United States District Courts." Petition at 7. As we interpret this, petitioners are asking us to rule on the validity of the dismissal of the damage claims as well as the transfer of the remaining claims. This we are unable to do given the ambiguities in the record.

 The District Court erred in dismissing any claims for money damages over which the Court of Claims has jurisdiction without first considering the propriety of transferring them, with or without the equitable claims, to the Claims Court. Although the Claims Court ordinarily lacks jurisdiction to issue declaratory judgments, it may do so when such relief is tied to and subordinate to a monetary claim. *See McKeel v. Islamic Republic of Iran,* 722 F.2d at 591; *Rowe v. United States,* 633

F.2d 799, 802 (9th Cir.1980), *cert. denied,* 451 U.S. 970, 101 S.Ct. 2047, 68 L.Ed.2d 349 (1981). If such a transfer would be "in the interest of justice," the proper procedure would be to transfer the entire case to the Claims Court and let that court decide what causes it had jurisdiction to decide. The Claims Court could return the equitable claims to the District Court if it decided it lacked jurisdiction. *See Jesko v. United States,* 713 F.2d 565, 567 (10th Cir.1983).[4]

 In deciding whether dismissal or transfer is proper, the District Court should attempt to discern the real thrust of the case. If the case is primarily one for equitable relief and the parties are in need of prompt resolution of those issues, the court may decide to transfer or dismiss the monetary damages, but proceed on the equitable claims.[5] If, on the other hand, the case is primarily one for damages, or is pled as a declaratory relief action to avoid Claims Court jurisdiction, *Hoopa Valley Tribe v. United States,* 596 F.2d 435, 436, 219 Ct.Cl. 492 (1979), the District Court should dismiss or transfer the whole case to the Claims Court.

 In this case, the District Court dismissed, rather than transferred, the counts that would give the Claims Court jurisdiction and then transferred only the equity counts to the Claims Court. This was inappropriate as the Claims Court's jurisdiction over the naked equity claims is exceedingly doubtful and the jurisdiction of the District Court is certain. The District Court apparently made the transfer because the transferred claims were very similar to claims pending in a case already before the Claims

---

4. Neither the District Court or the Claims Court is bound by the determination of the other as to its jurisdiction. We note, however, three possible bases for Claims Court jurisdiction over equitable claims. First, under 28 U.S.C. § 1491(a)(3). This has been broadly interpreted by the Federal Circuit. *See CACI, Inc.—Federal v. United States,* 719 F.2d 1567 (Fed.Cir.1983); *F. Alderete General Contractors v. United States,* 715 F.2d 1476 (Fed.Cir.1983). *Cf. United States v. John C. Grimberg Co.,* 702 F.2d 1362 (Fed.Cir. 1983) (en banc). Second, as ancillary to a monetary award. *See Gentry v. United States,* 546 F.2d 343, 355, 212 Ct.Cl. 1 (1976). And, third, if

equitable relief is falsely pled to avoid Claims Court jurisdiction. *See Hoopa Valley Tribe v. United States,* 596 F.2d 435, 436, 219 Ct.Cl. 492 (1979). We intimate no view as to what the Claims Court would do in this case.

5. If the statute of limitations has run, or the interests of justice require it, the court must transfer the damages claims under 28 U.S.C. § 1631. *Cf. McKeel,* 722 F.2d at 591. The parties can always refile dismissed counts in the Claims Court if the statute has not run.

Court and because it felt that the cases could be more efficiently handled by one court. We appreciate these considerations, but under our reading of section 1631, the District Court cannot transfer that over which it clearly has jurisdiction unless the claim is subsidiary to a damage or other claim over which the Claims Court has jurisdiction. *See, e.g., Jesko,* 713 F.2d 565; *Hoopa,* 596 F.2d 435. On remand, however, the District Court might consider as one option a stay of the proceedings in this case pending decision of the cases now before the Claims Court.

## CONCLUSION

We conclude and hold that the District Court's transfer of the four causes to the Claims Court, which held no jurisdiction to entertain them and enter an order of disposition, was clearly erroneous. The erroneous transfers created exceptional circumstances amounting to "judicial usurpation of power" by the District Court. *Will v. United States,* 389 U.S. at 95, 88 S.Ct. at 273.

A writ of mandamus shall issue herein directing the District Court to:

(1) Vacate its order entered April 25, 1983 transferring the four numbered causes to the Claims Court, and call for the return of those causes to its jurisdiction;

(2) Reconsider its order of dismissal of the Town's claim or claims for money damages in District Court Cause No. C76–204T, and determine the real thrust and issues of that cause.

(3) Hold the District Court causes numbered C77–56T, C77–179T, and C82–11T for disposition.

(4) Consider staying further proceedings in the four returned cases pending resolution of the Claims Court case between the same parties entitled *Town of North Bonneville, Washington v. United States of America,* No. 564–80C, if progress is being made in that court.

PETITION FOR WRIT OF MANDAMUS GRANTED.