THOMSON McKINNON SECURITIES, INC., Plaintiff–Appellee,

v.

Kerrean L. SALTER, Defendant–Appellant.

American Arbitration Association, Defendant.

No. 89–5084.

United States Court of Appeals, Eleventh Circuit.

May 3, 1989.

* Honorable Frank A. Kaufman, Senior U.S. District Judge for the District of Maryland, sitting by designation.

Robert Dyer, Duckworth, Allen, Dyer & Doppelt, Orlando, Fla., for defendant-appellant.

Jack Stein, Stein, Rosenberg & Winikoff, Ft. Lauderdale, Fla., for plaintiff-appellee.

Before TJOFLAT, VANCE and KRAVITCH, Circuit Judges.

BY THE COURT:

Appellee, Thomson McKinnon Securities, Inc. ("TMSI"), sued appellant, Kerrean L. Salter, in Florida state court to compel specific performance of the parties' agreement to arbitrate their securities dispute before the National Association of Securities Dealers ("NASD"). Salter removed the case to federal district court, where Judge Nesbitt granted TMSI's motion, enjoined Salter from pursuing arbitration before the American Arbitration Association ("AAA"), and directed arbitration before the NASD. Salter appealed, and TMSI moved this court to dismiss the appeal for lack of jurisdiction. We deny the motion.

I.  FACTS

This dispute arose from a deficiency in a securities account maintained for Salter by TMSI. The parties agree that the dispute should be arbitrated, but they do not agree before whom it should be arbitrated. The district court found that Salter first demanded arbitration before the NASD and then, after TMSI agreed, changed her mind and submitted the dispute for arbitration before the AAA. Finding no reason that Salter should not be held to her initial agreement to arbitrate before the NASD, the court granted TMSI's motion to enjoin arbitration before the AAA and to direct arbitration before the NASD. This appeal followed, and TSMI moved to dismiss the appeal on the ground that we lack jurisdiction.[1]

II.  DISCUSSION

On November 19, 1988, the President signed into law the Judicial Improvements and Access to Justice Act, Pub.L. No. 100–702, 102 Stat. 4642 (1989), which, *inter alia*, amended the United States Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, by adding section 15, which took effect on its enactment date and changed the law governing the appealability of orders disposing of requests to compel arbitration. *See Delmay v. Paine Webber Jackson & Curtis, Inc.*, 872 F.2d 356 (11th Cir.1989); *Campbell v. Dominick & Dominick, Inc.*, 872 F.2d 358 (11th Cir.1989).

Under prior law, the appealability of orders granting or denying requests to compel arbitration turned solely on whether the order in question was a final decision in that it "end[ed] the litigation on the merits and le[ft] nothing for the [district] court to

---

1. Appellee's motion offers no legal argument and cites only *Campbell v. Dominick & Dominick, Inc.*, 863 F.2d 791 (11th Cir.1988), and *Delmay v. Paine Webber Jackson & Curtis, Inc.*, 863 F.2d 782 (11th Cir.1988), each of which has been vacated. *See Campbell v. Dominick & Dominick, Inc.*, 863 F.2d 791 (11th Cir.1989), *vacating*, 863 F.2d 791 (11th Cir.1988); *Delmay v. Paine Webber Jackson & Curtis, Inc.*, 872 F.2d 356 (11th Cir.1989), *vacating*, 863 F.2d 782 (11th Cir.1988).

do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). Under the new section 15, however, some orders are appealable even if not final within the meaning of 28 U.S.C. § 1291. Specifically, 9 U.S.C. § 15 now provides:

(a) An appeal may be taken from—

  (1) an order—

    (A) refusing a stay of any action under section 3 of this title,

    (B) denying a petition under section 4 of this title to order arbitration to proceed,

    (C) denying an application under section 206 of this title to compel arbitration,

    (D) confirming or denying confirmation of an award or partial award, or

  (2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or

  (3) a final decision with respect to an arbitration that is subject to this title.

(b) Except as otherwise provided in section 1292(b) of Title 28, an appeal may not be taken from an interlocutory order—

  (1) granting a stay of any action under section 3 of this title;

  (2) directing arbitration to proceed under section 4 of this title;

  (3) compelling arbitration under section 206 of this title; or

  (4) refusing to enjoin an arbitration that is subject to this title.

9 U.S.C.A. § 15 (West Supp.1989).

Under the new section 15(a)(1), interlocutory orders refusing to compel arbitration now are appealable—even though they are not final within the meaning of 28 U.S.C. § 1291. Under the new section 15(b), however, interlocutory orders directing the parties to arbitration are not appealable unless certified for interlocutory review under 28 U.S.C. § 1292(b). The new section 15(a)(3) retains the prior law allowing appeals from final decisions affecting arbitration, regardless of whether they direct or refuse to direct arbitration. Thus, because the order appealed from in this case directed the parties to proceed to arbitration, it is appealable under section 15 only if it is "final."

As noted above, decisions of the district courts are final if they "end[ ] the litigation on the merits and leave[ ] nothing for the [district] court to do but execute the judgment." *Catlin, supra.* Accordingly, the courts have held that orders granting or denying requests to compel arbitration are not final decisions if entered in the course of ongoing actions for legal or equitable relief on the underlying claims. *See, e.g., Zosky v. Boyer*, 856 F.2d 554, 556–57 (3rd Cir.1988); *Quinn v. CGR*, 828 F.2d 1463 (10th Cir.1987); *Hartford Fin. Sys., Inc. v. Florida Software Servs., Inc.*, 712 F.2d 724, 728–29 (1st Cir.1983); *Whyte v. THinc Consulting Group Int'l.*, 659 F.2d 817, 818 (7th Cir.1981). On the other hand, the courts have noted that, where such an order is entered in the course of an action brought solely to compel specific performance of an agreement to arbitrate, the order is final and appealable, as it resolves the only issue before the district court. *See, e.g., State Establishment for Agricultural Product Trading v. M/V Wesermunde*, 770 F.2d 987, 989 n. 2 (11th Cir. 1985) (dictum); *Americana Fabrics, Inc. v. L & L Textiles, Inc.*, 754 F.2d 1524, 1528 (9th Cir.1985); *N.V. Maatschappij Voor Industriele Waarden v. A.O. Smith Corp.*, 532 F.2d 874 (2d Cir.1976).

The order at issue here is of the latter type. While not expressly styled as an action for specific performance of an agreement to arbitrate, TMSI's complaint clearly made out such a claim—as it sought no relief on the merits of the underlying dispute and prayed solely for an order directing Salter to arbitrate before the NASD. The district court considered only the parties' contentions regarding the appropriate arbitral forum and entered an order disposing of the sole question before it: whether Salter was in default under the provisions of the agreement to arbitrate. Thus, the district court's order is final and appealable under 28 U.S.C. § 1291 and under 9 U.S.C. § 15(a)(3).

Accordingly, appellee's motion to dismiss the appeal is DENIED.