Charles P. NICHOLS, individually; as Trustee of the Charles P. Nichols Employee Pension and Profit Sharing Plan; and as Custodian for his children, Plaintiff–Appellant,

v.

Thomas E. STAPLETON, Jr.; E.F. Hutton & Company, Inc.; Prudential–Bache Securities, Inc., Defendants–Appellees.

No. 88–5742.

United States Court of Appeals, Ninth Circuit.

Submitted March 9, 1989.*

Decided June 15, 1989.

Rehearing Denied June 15, 1989.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Michael A. Bertz, Los Angeles, Cal., for plaintiff-appellant.

Claire P. McGreal, Keesal, Young & Logan, Long Beach, Cal., for defendants-appellees.

Before SNEED, FARRIS and PREGERSON, Circuit Judges.

## ORDER

The panel in the above-captioned case has voted to withdraw its opinion filed May 15, 1989.

The petition for rehearing, filed May 30, 1989, is hereby denied.

## OPINION

PER CURIAM:

Charles P. Nichols here attempts to appeal from an order of the district court compelling him to arbitrate some of his claims against Thomas Stapleton and Prudential–Bache Securities, Inc. (Prudential–Bache), and staying the trial of his other claims against them. His appeal must be dismissed, but the district court should allow him an opportunity to apply for certification under 28 U.S.C. § 1292(b) (1982).

### I.

### FACTS AND PROCEEDINGS

Nichols sued Stapleton, Prudential–Bache, and E.F. Hutton, Inc., on November 11, 1986, claiming that they had defrauded him by using his investment accounts in risky and unsuitable trading activities. His complaint asked for more than $200,000 in damages and listed causes of action for securities and commodities fraud, breach of fiduciary duties, violation of RICO, and breach of contract.

On August 27, 1987, the district court dismissed Hutton pursuant to a settlement agreement. The remaining defendants moved to compel arbitration of the claims relating to one of Nichols' accounts pursuant to an arbitration clause in their "Client Agreement." At a hearing on the matter, Nichols argued that the arbitration clause was invalid because the defendants had breached a fiduciary duty requiring them to explain the clause to him. The court, how-

ever, concluded that Nichols was a sophisticated investor and stated:

> There is no fiduciary duty.... I think you have to look at the interplay between the specific individual account executive —Mr. Stapleton in this case—and Dr. Nichols, and the type of accounts that were set up and the forms that were signed in order for a finding to be made that there was a fiduciary duty.

On February 2, 1988, the district court issued an order compelling Nichols to arbitrate the claims arising out of non-commodity transactions in the account under § 4 of the Federal Arbitration Act, 9 U.S.C. § 4 (1982). Pending the arbitration, the court stayed all action on the claims relating to commodity transactions in the account and all claims relating to his six other accounts under § 3 of the Federal Arbitration Act, 9 U.S.C. § 3 (1982). Nichols appealed to this court on February 17, 1988.

## II.

### 1988 JUDICIAL IMPROVEMENTS ACT

We must dismiss the appeal, however, because Congress recently removed our appellate jurisdiction over interlocutory arbitration orders. Section 1019 of the Judicial Improvements and Access to Justice Act (the "Judicial Improvements Act"), Pub.L. No. 100–702, 102 Stat. 4642 (1988) (to be codified at 9 U.S.C. § 15), which became effective on November 19, 1988, added a new section to the Federal Arbitration Act that reads in part:

> § 15. Appeals
>
> ....
>
> (b) Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order—
>
> (1) granting a stay of an action under section 3 of this title;
>
> (2) directing arbitration to proceed under section 4 of this title;
>
> (3) compelling arbitration under section 206 of this title; or
>
> (4) refusing to enjoin an arbitration that is subject to this title.
>
> ....

Although Nichols filed his notice of appeal before the Judicial Improvements Act's effective date, the Act deprives us of jurisdiction. Our decisions have made clear that "[i]t is a rule of construction that statutes are ordinarily given prospective effect. But when a statute is addressed to remedies or procedures and does not otherwise alter substantive rights, it will be applied to pending cases." *Friel v. Cessna Aircraft Co.*, 751 F.2d 1037, 1039 (9th Cir. 1985) (footnote and citations omitted) (addressing an amendment to the statute of limitations in 46 U.S.C. § 763a (1982)); *see also United States v. Haughton*, 413 F.2d 736, 738 (9th Cir.1969) (discussing application of new procedure under the Military Selective Service Act of 1967 to pending case). The Judicial Improvements Act, by denying interlocutory appeals of arbitration orders, addresses remedies and procedures. It thus applies retrospectively.[1]

There has been no certification as is required by 28 U.S.C. § 1292(b) (1982). Nichols, however, should have an opportunity to request such certification because, at the time he appealed, the law did not require it. If the new Act had been in effect at that time, Nichols' conduct might have differed. *See Friel*, 751 F.2d at 1039. We therefore remand the case and instruct the district court to allow Nichols to apply for certification under § 1292(b) within such time limits as it may order.

APPEAL DISMISSED and CASE REMANDED.

---

1. This court recently reversed an order compelling arbitration in *Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 759 (9th Cir.1989). The decision did not address the effect of the Judicial Improvements Act on our jurisdiction over such orders.