**DELTA COMPUTER CORP.,**
**Plaintiff–Appellant,**

v.

**SAMSUNG SEMICONDUCTOR & TELE-COMMUNICATIONS CO.; B.S. Chung; Samsung Semiconductor, Inc., Defendants–Appellees.**

No. 87–15094.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 15, 1988.

Decided July 11, 1989.

Jeffrey A. Blair, San Francisco, Cal., for plaintiff-appellant.

Tod L. Gamlen, Palo Alto, Cal., for defendants-appellees.

Before CHOY, CANBY and NORRIS, Circuit Judges.

CANBY, Circuit Judge:

This case involves the alleged breach of a distribution contract between Delta Computer Corporation (Delta) and Samsung Semiconductor & Telecommunications Company (SST). Delta appeals from an order of the district court directing the parties to proceed to arbitration in Seoul, Korea. The district court compelled arbitration in response to a motion filed by SST pursuant to 9 U.S.C. § 206 and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. Delta also appeals the district court's stay of the proceedings in the underlying lawsuit, entered pursuant to 9 U.S.C. § 3. The district court has retained jurisdiction to monitor this case and to enforce any arbitration award.

Delta filed its Notice of Appeal on December 18, 1987. The case was not ordered submitted until almost a year later, on December 15, 1988. In the interim, on November 19, 1988, Congress enacted the Judicial Improvements and Access to Justice Act (the Act), Pub.L. 100–702, § 1019, 102 Stat. 4670 (1988), which added a new Section 15 to Chapter 1 of the Federal Arbitration Act, 9 U.S.C. § 1 et seq.[1] Section 15 provides, in relevant part:

(b) Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order—

(1) granting a stay of any action under section 3 of this title;

(2) directing arbitration to proceed under section 4 of this title;

(3) compelling arbitration under section 206 of this title; or

(4) refusing to enjoin an arbitration that is subject to this title.

We have previously applied Section 15 retroactively to deprive us of jurisdiction to hear an appeal of an order compelling arbitration of some claims and staying others pending arbitration pursuant to 9 U.S.C. §§ 3, 4. *Nichols v. Stapleton,* 877 F.2d 1401, 1403 (9th Cir.1989) (per curiam) (" '[W]hen a statute is addressed to remedies or procedures and does not otherwise alter substantive rights, it will be applied to pending cases' ") (quoting *Friel v. Cessna Aircraft Co.,* 751 F.2d 1037, 1039 (9th Cir. 1985)). *See also Jeske v. Brooks,* 875 F.2d 71, 73 (4th Cir.1989); *Campbell v. Dominick & Dominick, Inc.,* 872 F.2d 358, 360 (11th Cir.1989); *Purdy v. Monex International Ltd.,* 867 F.2d 1521, 1523 (5th Cir. 1989); *Turboff v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 867 F.2d 1518, 1520–21 (5th Cir.1989).

There is, however, a case-by-case exception to the rule that a court is to apply the law in effect at the time of its decision absent a legislative pronouncement or history to the contrary:

[A] new law will not be applied retrospectively if its application will result in manifest injustice. *Bradley* [*v. School Bd. of City of Richmond* ], 416 U.S. [696, 716, 94 S.Ct. 2006, 2018, 40 L.Ed.2d 476 (1974) ]; *DeGurules v. INS,* 833 F.2d 861, 863 (9th Cir.1987). Whether application of a newly amended statute to an already pending case will cause manifest injustice is determined by an examination of (1) the nature and identity of the parties; (2) the nature of their rights; and (3) the nature of the impact of the change in law upon those rights. *Bradley,* 416 U.S. at 717[, 94 S.Ct. at 2019].

*Gioda v. Saipan Stevedoring Co.,* 855 F.2d 625, 630 (9th Cir.1988).[2] No one of the

---

**1.** Pub.L. 100–669, 102 Stat. 3969 (1988) also added a new Section 15 to the Federal Arbitration Act, which addresses the inapplicability of the Act of State doctrine to the enforcement of arbitration agreements and the confirmation of arbitral awards. We are not concerned with that section in this case.

**2.** Nothing in the text of the Act or its legislative history, reproduced at 1988 U.S.Code Cong. & Adm.News 5982, indicates that we should not apply Section 15 to this case.

three enumerated *Bradley* factors is dispositive. *City of Great Falls v. United States Dep't of Labor*, 673 F.2d 1065, 1068 (9th Cir.1982).

Application of Section 15 to bar Delta's appeal will not result in manifest injustice in this case. Applying the first *Bradley* factor, on the one hand we consider that both parties are private entities, a factor weighing against retroactive application. *Id.* On the other hand, no matter of "great national concern[ ]" will be implicated if we apply the new law and decline jurisdiction. *Id.* at 1068–69. In fact, declining to take jurisdiction on the basis of Section 15 furthers the strong federal policy favoring arbitration. *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 625, 105 S.Ct. 3346, 3353, 87 L.Ed.2d 444 (1985). Therefore, analysis of the first *Bradley* factor does not point strongly toward a finding of manifest injustice. *Cf. Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 486 n. 16, 101 S.Ct. 2870, 2879 n. 16, 69 L.Ed.2d 784 (1981) (law affecting damages applied retroactively in private suit; no issue of great national concern involved).

Similarly, permitting the parties to proceed to arbitration without review at this juncture does not infringe upon or deprive Delta of any mature or unconditional right. *Gioda*, 855 F.2d at 630 (quoting *Bradley*, 416 U.S. at 720, 94 S.Ct. at 2020). Delta had no vested right to appeal the district court's order prior to the statutory change. In fact, this circuit has not yet addressed the additional jurisdictional issue presented in this case of the appealability of the district court's order in light of *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988) (overruling *Enelow–Ettelson* doctrine). Therefore, jurisdiction was uncertain even prior to Congress' passage of the Act. The outcome of the substantive issues raised by Delta on appeal was likewise uncertain. *California Cartage Co. v. United States*, 802 F.2d 353, 357 (9th Cir. 1986). This second factor therefore militates in favor of the application of Section 15 to the case before us.

The third *Bradley* factor requires us to analyze the nature of the impact of the change in law upon the parties' rights. Because application of Section 15 does not impose " 'new and unanticipated obligations ... upon [either] party without notice or an opportunity to be heard,' " and because no important rights are implicated, this factor also does not weigh in favor of invoking the manifest injustice exception. *Gioda*, 855 F.2d at 630 (quoting *Bradley*, 416 U.S. at 720, 94 S.Ct. at 2021).

█ Finally, in *City of Great Falls*, we considered the general equities involved in retroactive application of a new statute. 673 F.2d at 1069. There, we found it significant

> that approximately four years expired between the time of the wrongful denial of employment and the first administrative hearing. Had the case been diligently prosecuted, it seems likely that it would have been conclusively adjudicated before the enactment of the 1978 amendment ... To apply the amendment would effectively permit Parks to benefit from his own lack of diligence.

*Id.* The delay of one year from the time the Notice of Appeal was filed in this case to the time the case was ordered submitted is not attributable to SST. A general consideration of the equities does not alter the result of our manifest injustice analysis. We therefore apply Section 15 retroactively without hesitation in this case. As a consequence, we have no jurisdiction to hear Delta's appeal from the district court's order directing arbitration and granting a stay.

█ Delta contends that, even if Section 15 is properly applied retroactively, the district court's order is a final, rather than an interlocutory, decision which may be appealed pursuant to Section 15(a)(3).[3] We are not persuaded by this argument. First, Delta's reliance on the line of authority in

---

**3.** Section 15(a)(3) permits appeal from "*a final decision* with respect to an arbitration that is subject to this title." (Emphasis added).

this circuit considering orders to compel arbitration "final decisions" is misplaced. Section 15 effectively overrides those rulings "in that a rule regarding every order compelling arbitration as 'final' and appealable would completely undermine Congress's effort to thwart appeals of such orders." *Turboff,* 867 F.2d at 1520. Second, we are not convinced by Delta's attempt to construe this action as an appeal from a final decision granting SST's motion for summary judgment on the issue of a jury trial rather than as an interlocutory order compelling arbitration. We look to the general substance, form and practical effect of the district court's order rather than focus on one aspect of the substantive basis for the district court's ruling.

Third, this case does not present the issue addressed in *Thomson McKinnon Securities, Inc. v. Salter,* 873 F.2d 1397 (11th Cir.1989). There, the Eleventh Circuit held that a district court's decision compelling arbitration is considered final "where such an order is entered in the course of an action brought solely to compel specific performance of an agreement to arbitrate, ..., as it resolves the only issue before the district court." *Id.,* at 1399 (citations omitted). Delta originally brought this suit in state court to challenge SST's alleged breach of their distribution contract. Only then did SST defend with a motion to compel arbitration.[4] Section 15 is therefore properly applied to this appeal.

 Finally, Section 15's exception for appeals pursuant to 28 U.S.C. § 1292(b) is inapplicable. Section 1292(b) permits the interlocutory appeal of an order when the district court certifies that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The district court made no certification in this case. However, this circuit recently held, in a case applying Section 15 retroactively and dismissing an appeal of

an order compelling arbitration, that the appellant "should have an opportunity to request such certification because, at the time he appealed, the law did not require it." *Nichols v. Stapleton,* 877 F.2d at 1403. We therefore remand this case to the district court with instructions to permit Delta to apply for Section 1292(b) certification within such time limits as the district court may order. *Id.* We indicate no opinion as to the proper disposition of such a request.

We order this case DISMISSED for lack of jurisdiction and this case REMANDED to permit Delta to request certification.

---

4. Because it is not necessary to reach the issue, we express no opinion with respect to the Eleventh Circuit's reasoning in *Salter.*