976 F.2d 736
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Khairy AREF, Plaintiff-Appellant,
v.
Richard S. HOLMGREN, Jr.,; Neste, Brudin & Stone, et. al.,
Defendants-Appellees.
Dr. Khairy AREF, Plaintiff,
and
KEA Consulting Engineers, Inc.; KNBS Consulting & Civil
Engineers, Plaintiffs-Appellants,
v.
ARAB REPUBLIC OF EGYPT, Defendant-Appellee.
Dr. Khairy AREF; KEA Consulting Engineers, Inc.; KNBS
Consulting & Civil Engineers, Plaintiffs-Appellants,
v.
ARAB REPUBLIC OF EGYPT, Defendant-Appellee.
 Nos. 90-56083, 91-56224, and 91-56225.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 17, 1992.*
Decided Sept. 21, 1992.
 
 Before WIGGINS, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 Background
 
 2
 These consolidated cases arise from a soured international co-venture. For the reasons stated below, we affirm the imposition of sanctions against Aref and further sanction him for taking this frivolous appeal. We otherwise dismiss the appeals for lack of jurisdiction.
 
 Discussion
 
 3
 A. In No. 90-56083, Aref appeals the district court's remand of his action to state court, as well as the sanctions imposed upon him below for filing a frivolous removal motion. See Fed.R.Civ.P. 11. With an exception not relevant here, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise...." 28 U.S.C. § 1447(d); see also Hansen v. Blue Cross, 891 F.2d 1384, 1387 (9th Cir.1989). Thus, we dismiss Aref's appeal of the remand order for lack of jurisdiction.
 
 
 4
 The order remanding the case nonetheless terminated the litigation in the district court; all other decisions by the district court may be appealed. See Playtime Theatres, Inc. v. City of Renton, 748 F.2d 527, 538 n. 20 (9th Cir.1984) (remand order is final decision; all other orders are then ripe for appellate review), rev'd on other grounds, 475 U.S. 41 (1986); see also Schmitt v. Insurance Co. of North America, 845 F.2d 1546, 1551 (9th Cir.1988) (preclusion of appeal due to section 1447(d) does not insulate other final decisions from review). We therefore have jurisdiction to review the imposition of sanctions.
 
 
 5
 The district court did not abuse its discretion in penalizing Aref: Only defendants may remove a case to federal court. See 28 U.S.C. § 1441(a); see also AIU v. Continental Ins. Co., 843 F.2d 1253, 1260 (9th Cir.1988). Because Aref's attempt to remove his own case was not "warranted by existing law or a good faith argument for the extension, modification or reversal of existing law," Fed.R.Civ.P. 11, we affirm the imposition of sanctions. See Hewitt v. City of Stanton, 798 F.2d 1230, 1232-33 (9th Cir.1986) (affirming sanctions against plaintiff who tried to remove).
 
 
 6
 In addition, we award attorneys fees and double costs to appellees for Aref's frivolous appeal of the remand order. See Fed.R.App.P. 38. "An appeal is frivolous if the result is obvious, or the arguments of error are wholly without merit." DeWitt v. Western Pacific R. Co., 719 F.2d 1448, 1451 (9th Cir.1983) (imposing fees and double costs). Because an order remanding a case to state court is statutorily immunized from review, an appeal from that order is indisputably frivolous.
 
 
 7
 The appeal of the order imposing sanctions is also frivolous. The district court explained to Aref that it was sanctioning him for removing his case when the removal statute--as well as the overwhelming consensus of caselaw--precluded him from doing so. See ER 9-12. Even a casual glance at the statute would have confirmed that the district court was correct. Aref's appeal of the sanctions was therefore groundless. See Hewitt, 798 F.2d at 1233 (sanctions imposed on plaintiff for appealing an order imposing sanctions for attempting to remove case).
 
 
 8
 B. In Nos. 91-56224 and 91-56225, Aref and KNBS, et al., appeal the district court's referral to arbitration of their claims against the Arab Republic of Egypt, as well as the court's dismissal of those claims. Interlocutory orders compelling arbitration are not appealable. 9 U.S.C. § 16(b)(3). Because the district court ordered the parties to arbitrate under the terms of their contract, we have no jurisdiction over the appeal from that order. See, e.g., Nichols v. Stapleton, 877 F.2d 1401, 1403 (9th Cir.1989).
 
 
 9
 The district court simultaneously dismissed Aref's and KNBS's claims against the defendants. Dismissals are normally appealable and the arbitration statute does not divest us of jurisdiction over otherwise reviewable orders or judgments. But the dismissals in this case "adjudicate[d] fewer than all the claims or the rights and liabilities of fewer than all the parties," Fed.R.Civ.P. 54(b), because additional claims are still pending against other defendants. See Plaintiff's First Amended Complaint, Count VI (against the Kamel defendants). A district court's judgment as to only some of the defendants "shall not terminate the action as to any of the claims or parties," Fed.R.Civ.P. 54(b); this precludes appellate jurisdiction. See 28 U.S.C. § 1291. We therefore dismiss both of these appeals.
 
 Conclusion
 
 10
 The award of sanctions in No. 91-56083 is AFFIRMED. Attorneys fees in the amount of $2000, as well as double costs, are imposed against Aref for his appeal of the remand order and the sanctions order. The appeal is otherwise DISMISSED. The appeals in Nos. 91-56224 and 91-56225 are DISMISSED.