**July 26, 1990**

CLERK OF COURT
SUPREME COURT. CNMI
FILED

90 JUL 26 A7:56

BY:

## IN THE SUPREME COURT OF THE
## COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

MICHAEL J. GIODA,           )       APPEAL NO. 90-019
                           )
       Plaintiff/Appellant,  )
                           )
     vs.                  )       DECISION AND ORDER
                           )
SAIPAN STEVEDORING COMPANY, INC.,)
                           )
       Defendant/Appellee.   )
_____)

Argued July 11, 1990

Counsel for Plaintiff/Appellant:  Douglas F. Cushnie
                                   P.O. Box 949
                                   Saipan, MP 96950

Counsel for Defendant/Appellee:  J. Bradley Klemm
                                   Klemm, Blair, Sterling &
                                     Johnson
                                   1008 Pacific News Bldg.
                                   238 O'Hara Street
                                   Agana, Guam 96910

BEFORE:  DELA CRUZ, Chief Justice, VILLAGOMEZ and BORJA, Justices.

DELA CRUZ, Chief Justice:

This matter came on for hearing before the full panel of this Court on the motion of defendant/appellee, Saipan Stevedoring

311

Company, Inc., ("SaiSteve") to dismiss the appeal filed by Michael J. Gioda ("Gioda") in this Court. Both parties appeared through counsel. The basis for the motion is our lack of jurisdiction to entertain this particular appeal.

## I.

This case began on May 10, 1982, when Gioda filed an action, in the U.S. District Court for the Northern Mariana Islands, against his employer SaiSteve for damages sustained when he was shot by an unknown assailant while on duty as a security guard. At the time the suit was filed, the District Court had local trial jurisdiction to entertain the case which is the type ordinarily heard by state or local courts. NMI Constitution, article IV, section 2; NMI Covenant, § 402(b).

After a jury trial, Gioda obtained a favorable verdict and judgment was entered for $63,024. SaiSteve thereafter appealed to the Appellate Division of the District Court for the Northern Mariana Islands. NMI Covenant, § 402(c); See Sablan v. Santos, 634 F.2d 1153 (9th Cir. 1980).

While the appeal was pending in the Appellate Division, the U.S. Congress in 1984 enacted U.S. Public Law 98-454 which provided that appeals from the District Court over local cases tried there would be brought directly to the Ninth Circuit Court of Appeals, rather than the District Court Appellate Division as had previously been the case. See Sablan v. Santos, supra. The Appellate Division, as a result, transferred the appeal to the Ninth Circuit

which in turn decided that the Appellate Division had jurisdiction to entertain the appeal. Gioda v. Saipan Stevedoring Company, Inc., 855 F.2d 625 (9th Cir. 1988). The case was thus returned to the Appellate Division for consideration on the merits.

On October 26, 1988, the Appellate Division reversed the judgment of the District Court (trial division). Gioda then timely filed an appeal to the Ninth Circuit. This subsequent appeal has been briefed, argued and submitted for decision.

The instant appeal was filed with us by Gioda on April 30, 1990.

## II.

The issue before us is whether the appeal taken by Gioda to the Ninth Circuit on October 31, 1988, to the extent it has not been decided and no mandate had been issued by the Ninth Circuit prior to May 2, 1989, is a pending appeal encompassed by 1 CMC § 3109(b).

## III.

Pursuant to CNMI Public Law 6-25, which established this Court, we assumed jurisdiction over appeals pending as of May 2, 1989, before either the Appellate Division of the District Court for the Northern Mariana Islands, the United States Court of Appeals for the Ninth Circuit, or the United States Supreme Court. However, our jurisdiction extends only to pending appeals which have been taken from a judgment, order or decision of the Commonwealth Trial Court. 1 CMC § 3109(b); Wabol v. Villacrusis, No. 89-005, Decision and Order (NMI, Dec. 11, 1989); Vaughn v. Bank

313

of Guam, No. 89-004, Decision and Order (NMI, June 6, 1990); CNMI v. Bordallo, No. 90-003, (NMI, June 8, 1990).

The sole basis of our jurisdiction over appeals involving Commonwealth cases pending before the Appellate Division or the Ninth Circuit is 1 CMC § 3109(b). In order for us to assume jurisdiction over appeals pending before either the Appellate Division or the Ninth Circuit, they must be those which were taken from a judgment, decision, or order of the Commonwealth Trial Court. 1 CMC § 3109(b).

Gioda does not dispute that his appeal to the Ninth Circuit was taken from a judgment of the District Court for the Northern Mariana Islands, rendered at a time when that court had trial jurisdiction over certain Commonwealth cases.[1] It is not, however, an appeal taken from a judgment, decision, or order of the Commonwealth Trial Court.

We do not dispute Gioda's contention that his case arises under Commonwealth law and was tried and decided by the District Court pursuant to § 402(b) of the Covenant. We do not agree, however, that the term "Commonwealth Trial Court" as used in 1 CMC § 3109(b) encompasses the District Court when it functioned as a trial court for the Northern Mariana Islands.

---

[1]From and after January 10, 1983, the Commonwealth Trial Court was given original jurisdiction over all civil and criminal matters arising under the laws of the Commonwealth of the Northern Mariana Islands. 1 CMC § 3102(b). Local cases filed and pending before the District Court for the Northern Mariana Islands, before that date, remained with the District Court for processing and disposition by that court. 1 CMC § 3102(c).

The term "Commonwealth Trial Court" means the court established under CNMI Public Law 1-5. See 1 CMC § 3101, et seq., which was subsequently amended by P.L. 3-14 and thereafter superseded in most parts by P.L. 6-25, the CNMI Judicial Reorganization Act.

The original 1 CMC § 3101 read:

"There is in the Commonwealth Government a Commonwealth Trial Court. The Commonwealth Trial Court consists of a Land Division and any other divisions the Judiciary may create by rule."

Throughout the provision of P.L. 1-5, as subsequently amended by P.L. 3-14, there is a clear distinction made between the Commonwealth Trial Court and the District Court for the Northern Mariana Islands. 1 CMC § 3109 itself, as re-enacted by P.L. 6-25, also distinguishes between the Commonwealth Trial Court and the District Court.

We are not persuaded that the term "Commonwealth Trial Court" encompasses the District Court for the Northern Mariana Islands when that Court properly exercised trial jurisdiction over Commonwealth cases, such as the suit filed by Gioda, pursuant to P.L. 1-5. The term is specific and not general. It is not ambiguous, even under 1 CMC § 3109.

We construe a statute according to its plain-meaning, where it is clear and unambiguous. Tudela v. MPLC, No. 90-011 (NMI, June 7, 1990); CNMI v. Delos Santos, 3 CR 661 (D.NMI App.Div. 1989). With respect to the instant case, the term Commonwealth Trial Court as used in 1 CMC § 3109(b) clearly means the Commonwealth Trial Court,

and not the District Court for the Northern Mariana Islands. Even if we were to resort to the legislative history of P.L. 6-25, which is not necessary, it is clear that the term does not encompass the District Court.

We reject Gioda's invitation to construe the term Commonwealth Trial Court so as to encompass the District Court for the Northern Mariana Islands for two reasons. First, to do so would violate a fundamental canon of statutory construction. Second, to do so would be tantamount to amending 1 CMC § 3109(b), which we clearly do not have the power to do.

It may well be, as Gioda contends, that the CNMI legislature had no knowledge of this particular case and had assumed that all actions under local law had originated from the Commonwealth Trial Court; the implication being that had the legislature known of this case, it would have included it within the scope of 1 CMC § 3109(b). That may or may not be true. But for us to construe differently the plain-meaning of this section, which is clear and unambiguous, would have us speculating as to what the legislature might or might not have done. Such would be improper.

IV.

For the foregoing reasons, we conclude that this Court has no jurisdiction over the appeal taken by Gioda to the Ninth Circuit from the judgment of the Appellate Division entered on October 26, 1988. Therefore,

316

IT IS ORDERED that the instant appeal be, and the same is, hereby DISMISSED.

ENTERED this ___17th___ day of July, 1990.

_____
JOSE S. DELA CRUZ, Chief Justice

_____
RAMON G. VILLAGOMEZ, Associate Justice

_____
JESUS C. BORJA, Associate Justice